LÓPEZ LANDRÓN *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of San Juan.

No. 41.—Decided November 26, 1909.

AGENCY—INCUMBRANCE OF GANANCIAL PROPERTY.—A power of attorney executed by a wife in favor of her husband to mortgage real property belonging to her does not necessarily include the express power required by law to mortgage the property of the conjugal partnership.

ID.—MEANING OF THE TERM AGENCY.—An agency philosophically considered is a continuation of the personality of the principal. The main point of an agency is the representation shown, as the agent does not contract by or for himself, but by and for his principal.

ID.—CONSTRUCTION OF AGENCY.—The construction to be given to an agency must always be restrictive to prevent what the principal authorized to be used to his advantage from being used against him.

*Mr. Gabriel Guerra* for appellant.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This is an administrative appeal from the refusal of the registrar to admit to registration a document presented for such purpose by the appellant, Rafael López Landrón, Esq. The note containing the decision of the registrar reads as follows:

"The inscription of the foregoing document is refused, because of the defect, which renders it null, that it does not appear from the same that Mrs. Ana María Gutiérrez Igaravídez, wife of the debtor, Mr. Rafael López Landrón, has given, for the encumbrance that is constituted on a property belonging to the conjugal partnership, the express consent required by sections 159 and 1328 of the Civil Code now in force; for if it is true as said Mr. López Landrón states, that he appears in representation of the aforementioned lady, by virtue of the power conferred upon him by the same on the eighteenth of July, nineteen hundred and four, before the notary Juan Hernández López, this power only authorizes him to mortgage the immovables of the grantor, and not the ones belonging to the conjugal partnership; and a cautionary notice has been registered on folio 140, volume 63 of this city, property 1788 triplicate, annotation letter A, for a term of four months."

We believe the refusal to register the document presented to have been well founded.

The cause of the refusal is evident and clearly justified when we consider the following point: It appears from the power of attorney executed before the notary Juan Hernández López on July 18, 1905, that Mrs. Ana María Gutiérrez granted to her husband, Rafael López Landrón, the necessary power to administer, in her behalf, all the properties that she might

possess, and empowered him, among other things, according to clause 22 of said deed, to mortgage any of her real estate. Acting under this power, López Landrón mortgaged a piece of land belonging to the conjugal partnership, and tried to give, on behalf of his wife, the consent required by sections 159 and 1328 of the Civil Code.

It is a fundamental principle in the civil law, and it is perfectly expressed in section 1310 of the Civil Code, that it is only on the dissolution of the marriage bond that the wife enters into full possession of the property belonging to her which has been acquired during the marriage; and that during the marriage the property acquired during coverture, being administered as prescribed by the Civil Code, is what is known as gananacial, and belongs to the conjugal partnership and not to either of the members thereof. It is also a fundamental principle established by section 1615 of said Civil Code that an agent, in order to legally mortgage the property of the principal, must receive from the latter an express power, and it is also prescribed, by section 1328, before mentioned, that the consent of the wife to encumber the property acquired during the marriage must also be an express and not an implied consent.

It is a conclusion founded on these clear precepts and fundamental principles that the power granted by Mrs. Ana María Gutiérrez to her husband, the appellant, does not contain the express power whereby he, as agent, might give consent on her behalf to mortgage the properties of the conjugal partnership which are encumbered by said mortgage deed because the terms of said power of attorney limit the authority of the agent to the property belonging to the grantor. And in order to include said property in said power it would be necessary, either to suppose that the conjugal partnership has been dissolved or to admit as understood by implication the authority to give consent to the encumbrance; and such au-

thority was not given in an express manner as plainly required by the Code.

Hence the attorney in fact lacked the authority necessary to bind his principal in giving consent to the execution of the mortgage and the same is not binding on her or her heirs and cannot be registered.

In the administrative case of *Marxuach* v. *The Registrar of San Juan,* decided by this court on May 27 last, the *ponente,* Hon. Emilio del Toro, says:

"An agency philosophically considered, is a continuation of the personality of the principal. The main point of an agency is the representation shown, as the agent does not contract by or for himself, but he contracts by and for the principal. The construction to be given to an agency shall always be restrictive to avoid that what the principal authorized to be used advantageously might be turned against him." (11 Manresa, C. al C. C., 413, 415 and 454.)

For the reasons stated, it is clear to our minds that the ruling of the Registrar of Property of San Juan made in this case should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Figueras, Wolf and del Toro concurred.